UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Vickie J. Boraas
                Debtor(s).                        Ch. <u>13 21-60327</u>

MOTION TO MODIFY PLAN

Kyle Carlson, Chapter 13 Trustee; the United States Trustee; and to the other entities specified in Local Rule 1204(a):

1.       Vickie J. Boraas, debtor herein, through counsel, moves the court for the relief requested below and give notice of hearing.


2. The court will hold a hearing on this motion at 10:00 a.m. on Tuesday, August 30, 2022, in Courtroom No. 2, at the United States Courthouse, at 118 South Mill St., Fergus Falls Minnesota..

3.  Any response to this motion must be filed and served not later than Thursday, July 21, 2022 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 USC  157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 13 case was filed on September 9, 2021. The case is now pending in this court.

5.  This motion arises under 11 USC  11 U.S.C. §1329. This motion is filed under FRBP 9014 and Local Rule 3015. Movant requests relief with respect to altering the payment amount to the trustee.

6.  An unsecured creditor unexpectedly filed a claim;  as the debtor intends that claims be paid in full this plan extends the number of payments the debtor will make to the trustee.

7.  An amended Schedule I and J are provided.

8.  Notice is given that if testimony is required the debtor may offer the testimony of Vicki J. Boraas, 1060 Manor Court, St. Cloud MN 56303 as to income, expense, and other relevant matters.

Wherefore, Vickie J. Boraas moves the court for an order confirming the debtor's amended plan dated May 6, 2022, and such other relief as may be just and equitable.


   /e/ Sam V. Calvert
Sam V. Calvert
1011 2nd St. North, Suite 107
St. Cloud MN  56302
320-252-4473
calcloud@gmail.com
atty id # 1431X

VERIFICATION

I, Vickie J. Boraas, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Vickie J. Boraas

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Vickie Boraas
Debtor.
*In a joint case, debtor means debtors in this plan.*

Case No.   21-60327
CHAPTER 13 PLAN   ☑ Modified
Dated   5/6/2022

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☒ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**
2.1   As of the date of this plan, the debtor has paid the trustee $1,850.00
2.2   After the date of this plan, the debtor will pay the trustee $17,850.00

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| **$350.00** | **05/2022** | **07/2026** | **$17,850.00** |
| | | TOTAL: | **$17,850.00** |

2.3   The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4   The debtor will also pay the trustee ___$0
2.5   The debtor will pay the trustee a total of $ $19,700.00 [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $1,970.00 [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed.  Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | **NONE** | |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | **US Bank** | **Home mortgage** |
| 5.2 | | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | **NONE** | | | | | | | |
| | | | | | | | TOTAL: | |

**Part 7. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | **Meadows Edge Townhome Ass.** | $9975.21 | 0 | 12/2022 | $200.00 | 50 | 0 | $0 | **$9975.21** |
| | | | | | | | | TOTAL: | **$9975.21** |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | **NONE** | | | | ☐ | | | | | | |
| | | | | | | | | | | TOTAL: | |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NONE** | | | | | | | | | |
| | | | | | | | | | | |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | **Calvert Law Office** | **$2863.00** | **4/2022** | **1227.30** | **1** |  |  |  |
| 10.2 |  |  | **5/2022** | **225.00** | **7** |  |  | **$2863.00** |
|  |  |  |  |  |  |  | TOTAL: | **$2863.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 | **None** |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL: |  |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

|  | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 | **NONE** |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $4,796.08 [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $0
13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are $4,796.08

13.3 Total estimated unsecured claims are $4,796.08 [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property (including the complete legal description of real property) |
|---|---|---|
| 15.1 | **None** |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

a) Pursuant to 11 USC Sec.1305, a proof of claim may be filed by the IRS for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning the debtor was filed, and only to the extent that funds are available.

b) Confirmation of the plan shall impose a duty on the holders or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; and to apply the direct mortgage payments as set out in the note and mortgage. The holders or servicers of claims secured by liens on real property may send payment coupons or statements to the debtor. The holders or servicers of claims secured by liens on real property may negotiate with the debtor and implement mutually agreeable loan modification agreements.

c) Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.

d) The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

The debtor will pay all allowed unsecured claims in full.

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | **$1970.00** |
| Home mortgages in default [Part 6] | **0** |
| Claims in default [Part 7] | **0** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | **$0** |
| Secured claims excluded from § 506 [Part 9] | **$9975.21** |
| Priority claims [Part 10] | **$2863.00** |
| Domestic support obligation claims [Part 11] | **$0** |
| Separate classes of unsecured claims [Part 12] | **$0** |
| Timely filed unsecured claims [Part 13] | **$4796.08** |
| Surplus | **$95.71** |
| TOTAL (must equal line 2.5) | **$19,700.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:  _/s/ _Sam Calvert
          Attorney for debtor
  Sam Calvert MN ID #1431X
1011 2nd ST N STE 107
St. Cloud MN 56303 320-252-4473 calcloud@gmail.com

Signed: /s/ Vickie Boraas
            Debtor 1

## Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Vickie** | **Jean** | **Boraas** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  **DISTRICT OF MINNESOTA**

Case number (if known)  **21-60327**

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☑ Employed <br> ☐ Not employed | ☐ Employed <br> ☐ Not employed |
| **Occupation** | **temp** | |
| **Employer's name** | **TO Plastics** | |
| **Employer's address** | | |
| | Number  Street | Number  Street |
| | City        State   Zip Code | City        State   Zip Code |
| **How long employed there?** | **2 months** | |

## Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. **$3,527.33** | |
| 3. | Estimate and list monthly overtime pay. | 3. + **$0.00** | |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. **$3,527.33** | |

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ..................................................... ➜ | 4. | $3,527.33 | |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $719.33 | |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | |
| | 5e. **Insurance** | 5e. | $0.00 | |
| | 5f. **Domestic support obligations** | 5f. | $0.00 | |
| | 5g. **Union dues** | 5g. | $0.00 | |
| | 5h. **Other deductions.** Specify: _____ | 5h.+ | $0.00 | |
| **6.** | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | $719.33 | |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $2,808.00 | |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** | 8a. | $0.00 | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | |
| | 8b. **Interest and dividends** | 8b. | $0.00 | |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | 8c. | $0.00 | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | |
| | 8d. **Unemployment compensation** | 8d. | $0.00 | |
| | 8e. **Social Security** | 8e. | $0.00 | |
| | 8f. **Other government assistance that you regularly receive** | | | |
| | Include cash assistance and the value (if known) or any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | |
| | 8g. **Pension or retirement income** | 8g. | $0.00 | |
| | 8h. **Other monthly income.** Specify: _____ | 8h.+ | $0.00 | |
| **9.** | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $0.00 | |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $2,808.00 + = $2,808.00 | |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____    11. +   **$0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies.    12.   **$2,808.00**
Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:   **None.**

## Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Vickie** | **Jean** | **Boraas** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **DISTRICT OF MINNESOTA**

Case number **21-60327**
(if known)

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                                                                 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:     Describe Your Household

1. **Is this a joint case?**

    ☑ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**
        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. **Do you have dependents?**          ☑ No

    Do not list Debtor 1 and          ☐ Yes. Fill out this information
    Debtor 2.                                          for each dependent....................

    Do not state the dependents'
    names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No   ☐ Yes |
| _____ | _____ | ☐ No   ☐ Yes |
| _____ | _____ | ☐ No   ☐ Yes |
| _____ | _____ | ☐ No   ☐ Yes |
| _____ | _____ | ☐ No   ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**          ☑ No          ☐ Yes

## Part 2:     Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | **$500.04** |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | _____ |
| 4b. Property, homeowner's, or renter's insurance | 4b. | _____ |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | _____ |
| 4d. Homeowner's association or condominium dues | 4d. | **$170.00** |

**Your expenses**

5. **Additional mortgage payments for your residence,** such as home equity loans      5. _____

6. **Utilities:**

   6a. Electricity, heat, natural gas      6a. _____ **$195.00**

   6b. Water, sewer, garbage collection      6b. _____ **$45.00**

   6c. Telephone, cell phone, Internet, satellite, and cable services      6c. _____ **$100.00**

   6d. Other. Specify: _____      6d. _____

7. **Food and housekeeping supplies**      7. _____ **$500.00**

8. **Childcare and children's education costs**      8. _____

9. **Clothing, laundry, and dry cleaning**      9. _____ **$75.00**

10. **Personal care products and services**      10. _____ **$75.00**

11. **Medical and dental expenses**      11. _____ **$100.00**

12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments.      12. _____ **$300.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**      13. _____ **$100.00**

14. **Charitable contributions and religious donations**      14. _____ **$10.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a. Life insurance      15a. _____

   15b. Health insurance      15b. _____

   15c. Vehicle insurance      15c. _____ **$88.00**

   15d. Other insurance. Specify: _____      15d. _____

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____      16. _____

17. **Installment or lease payments:**

   17a. Car payments for Vehicle 1    **car replacement (est.)**      17a. _____ **$200.00**

   17b. Car payments for Vehicle 2      17b. _____

   17c. Other. Specify: _____      17c. _____

   17d. Other. Specify: _____      17d. _____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).**      18. _____

19. **Other payments you make to support others who do not live with you.**
Specify: _____      19. _____

20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**

   20a. Mortgages on other property      20a. _____

   20b. Real estate taxes      20b. _____

   20c. Property, homeowner's, or renter's insurance      20c. _____

   20d. Maintenance, repair, and upkeep expenses      20d. _____

   20e. Homeowner's association or condominium dues      20e. _____

21. **Other.**  Specify: _____          21.   +_____

22. **Calculate your monthly expenses.**

    22a.   Add lines 4 through 21.                                                                    22a.   |_____**$2,458.04**

    22b.   Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2.    22b.   |_____

    22c.   Add line 22a and 22b. The result is your monthly expenses.                    22c.   |_____**$2,458.04**

23. **Calculate your monthly net income.**

    23a.   Copy line 12 (your combined monthly income) from Schedule I.                  23a.   _____**$2,808.00**

    23b.   Copy your monthly expenses from line 22c above.                               23b.   −_____**$2,458.04**

    23c.   Subtract your monthly expenses from your monthly income.
          The result is your monthly net income.                                        23c.   |_____**$349.96**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

  ☑  No.
  ☐  Yes. | Explain here:
          **None.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Vickie Boraas                                          CH 13 21-60327

       debtor.


Unsworn Declaration for Proof of Service


    I, Darlene Leyendecker, employee of Sam Calvert, attorney licensed to practice law in this Court, with off    address of 1011 2ⁿᵈ St. North Suite 107, St. Cloud, MN 56303 on  7/28/2022   I served the following documents by depositing them in the US Mail:


- Motion to Modify
- Verification
- Modified Plan
- Schedules I&J
- Memorandum
- Proposed Order


**via CM/ECF:**

US Trustee, ustregion12.mn.ecf@usdoj.gov

Kyle Carlson Trustee info@carlsonch13mn.com



**US Mail**


See attached


And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated:  7/28/2022                         /e/ Darlene Leyendecker

U.S. Bank  National Association
25 North Dale Street
St. Paul, MN 55102-2227

U.S. Bank National Association
14841 Dallas Pkwy Suite 425
Dallas, TX 75254-8067

Meadows Edge Townhome Association
att:  Alison Yaeger, Pres.
175 7th Ave S
Waite Park, MN 56387-1362

Meadows Edge Townhomes Homeowners Associatio
c/o Toohey Law Firm, P.A.
11660 Theatre Dr N #280
Champlin, MN 55316-4527

Nelnet
P.O. Box 82561
Lincoln, NE 68501-2561

(p)ASCENDIUM EDUCATION SOLUTIONS INC
38 Buttonwood Court
MADISON, WI 53718-2156

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US Bank Home Mortgage
4801 Frederica St
P O Box 20005
Owensboro, KY 42304-0005

US Bank Mortgage
P.O. Box 21948
Eagan, MN 55121-0948

Vickie Jean Boraas
1060 Manor Court
Saint Cloud, MN 56303-4810

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Vickie Boraas

Case No.   21-60327

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER: PLEASE DESCRIBE: _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.      The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2       The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.      [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4       I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.      My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.      [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 5-17-22

x _Vickie J Boraas_____

Signature of Debtor 1 or Authorized
Representative

_____
Printed name of Debtor 1 or Authorized
Representative

x_____

Signature of Debtor 2

_____

Printed Name of Debtor 2